Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer on the dates at issue.
3. RSKCO, formerly CNA Risk Management, was the carrier on risk on the dates at issue.
4. Plaintiffs average weekly wage is to be determined by an Industrial Commission Form 22.
5. Plaintiffs medical records related to this claim are admitted into evidence as Stipulated Exhibit #2. These include the following:
1) Records from the Bone and Joint, Dr. Paul Burroughs;
2) Records from Blue Ridge OB/GYN Associates;
3) Letter from Dr. Karen Corvin;
4) Records from Rex Birth Center and Rex Healthcare;
5) Leave of Absence Report;
6) UNC Hospital;
7) Records from Raleigh Neurology, S. Mitchell Freedman.
6. The following forms from the Industrial Commission file in this case are admitted into evidence as Stipulated Exhibit #3: The forms 18, 19, 61, 33, and 33R.
7. The issues to be determined by the Commission are whether plaintiff sustained a compensable injury on 7 July 1998 and/or 24 August 1998; and, if so, to what benefits is she entitled, if any.
8. The transcript of the proceedings before the Deputy Commissioner is corrected by deleting the plaintiffs contentions and proposed opinion and award (Transcript pages 72-96) and defendants contentions (Transcript pages 107-114), and by adding the defendants answers to interrogatories and plaintiffs exhibit 1, the earning statement.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. On 7 July 1998 plaintiff was a 29-year old female employed by defendant-employer as a store manager. Defendant-employer, a jewelry store, had employed plaintiff since February 1997.
2. On 7 July 1998 a fire broke out in the microwave area of the storeroom in the jewelry store. Plaintiff put the fire out with towels and rags, and in doing so had to move several boxes. Plaintiff inhaled some smoke and went to UNC Hospital for treatment.
3. On 7 July 1998 plaintiff was three months pregnant. On the day of the incident, plaintiff went to UNC Hospital because of concerns related to her inhalation of smoke. Plaintiff was more concerned with the welfare of her unborn baby than the back soreness she felt at the time. Defendant-carrier paid for this hospital visit.
4. The next day plaintiff was very sore in her lower back and buttocks. That morning, plaintiff sought treatment from Dr. Corvin, her OB/GYN, to make sure her unborn baby was healthy. She did not open defendants store until around 12 noon or 1:00 P.M. At that time plaintiff thought the pain was simply muscle soreness and she attempted to work through it. Plaintiff continued to experience this back and buttock pain into August 1998.
5. On 24 August 1998 plaintiff opened and closed the store. Due to a robbery a few days prior at another jewelry store, all the jewelry had to be removed from the glass display cases each night. On that date, plaintiff fell while carrying a jewelry bin to the vault. Amity Rowe, a co-employee, witnessed plaintiffs fall and helped plaintiff to her car.
6. When plaintiff arrived home the evening of 24 August 1998, plaintiff was unable to get out of her car without assistance. Plaintiffs husband transported her to the Rex Hospital emergency room that night.
7. Plaintiff was hospitalized at Rex Hospital from 24 August 1998 through 29 August 1998. A 28 August 1998 MRI indicated plaintiff had a small central left-sided disc protrusion at L4-5.
8. At the time plaintiff was discharged she was confined to bed rest and was unable to care for herself. Plaintiffs mother traveled from Ohio to help care for plaintiff.
9. On or about 17 October 1998 plaintiff was walking to the bathroom when she sneezed and experienced pain that incapacitated her again. Plaintiff returned to Rex Hospital on that date by ambulance. During that time plaintiff was treated conservatively with medication.
10. Due to plaintiffs back pain resulting from her work-related injuries on 7 July 1998 and 24 August 1998, plaintiff was authorized to remain out of work, first by Dr. Burroughs, an orthopedist, and later by Dr. Corvin. Plaintiff remained on bed rest until after she delivered her baby on 21 January 1999. Plaintiff continued her post-partum recovery through 25 February 1999.
11. Plaintiff has been unable to receive any further treatment to her back because defendants denied plaintiffs claim on the grounds that her pregnancy was a "pre-existing condition. Plaintiff had no back problems prior to 7 July 1998. The greater weight of the evidence shows that plaintiffs back problems were caused by the work-related incidents at the jewelry store on 7 July 1998 and 24 August 1998 rather than by plaintiffs pregnancy.
12. At the time of the hearing before the Deputy Commissioner, plaintiff had not reached maximum medical improvement, was in need of medical treatment, and was unable to return to work.
13. Plaintiffs average weekly wage, as shown on the Industrial Commission Form 22, was $793.30, yielding the maximum compensation rate for 1998 of $532.00 per week. Although defendants submitted this Form 22 after the time allowed, the form was received prior to the close of the record and is the most fair and accurate calculation of plaintiffs average weekly wages.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 7 July 1998 and 24 August 1998 plaintiff sustained injuries by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. 97-2(6).
2. As a result of plaintiffs compensable injuries to her back, plaintiff is entitled to temporary total disability at the rate of $532.00 per week from 24 August 1998 and continuing until further Order of the Commission. N.C. Gen. Stat. 97-29.
3. Plaintiff is entitled to have defendants provide all medical treatment arising from plaintiffs compensable injuries to the extent it tends to effect a cure, give relief or lessen plaintiffs disability. N.C. Gen. Stat. 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney fee approved herein, defendants shall pay plaintiff temporary total disability at her compensation rate of $532.00 from 24 August 1998 and continuing until further Order of the Commission. Those amounts that have accrued shall be payable in a lump sum.
2. A reasonable attorneys award of twenty-five percent (25%) of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiffs counsel and shall be deducted from the lump sum and paid directly to plaintiffs counsel. Thereafter, every fourth compensation check shall be paid directly to plaintiffs counsel.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her compensable injuries for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or lessen plaintiffs disability.
4. Defendants shall pay the costs.
This the ___ day of August, 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/______________ RENE C. RIGGSBEE COMMISSIONER